Dear Mr. Kirkpatrick:
This opinion is issued in response to your request for an official opinion on the following questions:
 Can Chapter 355 not for profit corporations be merged into a Chapter 352 benevolent corporation, with the Chapter 352 corporation as the survivor? If so, is it sufficient to follow the procedures of Sections 352.140-352.170? If not, may the corporations still be merged by an alternative method, and what would be the impact of a judicial decision declaring them merged?
In considering the questions posed, we should first consider the respective purposes for which Chapter 355 and Chapter 352 corporations are formed.
Section 355.025 provides as follows:
 Not for profit corporations may be organized under this chapter for any one or more of the following or similar purposes: charitable; benevolent; eleemosynary; educational; civil; patriotic; political; religious; cultural; social welfare; health; cemetery; social; literary; athletic; scientific; research; agricultural; horticultural; soil, crop, livestock and poultry improvement; professional, commercial, industrial, or trade association; wildlife conservation; homeowner and community improvement association; recreational club or association; and for the ownership and operation of water supply facilities for drinking and general uses; or for the purpose of executing any trust, or administering any community chest, fund or foundation, to further objects which are within the purview of this section.
The language of Section 352.020 is strikingly similar:
 Any association formed for benevolent purposes, including any purely charitable society, hospital, asylum, house of refuge, reformatory and eleemosynary institution, fraternal-beneficial associations, or any association whose object is to promote temperance or other virtue conducive to the well-being of the community, and, generally, any association formed to provide for some good in the order of benevolence, that is useful to the public, may become a body corporate and politic under this chapter; any association, congregation, society or church organization formed for religious purposes, and any association formed to provide or maintain a cemetery; any school, college, institute, academy or other association formed for educational or scientific purposes, including therein any association formed specially to promote literature, history, science, information or skill among the learned professions, intellectual culture in any branch or department, or the establishing of a museum, library, art gallery, or the erection of a public monument, and in general, any association, society, company or organization which tends to the public advantage in relation to any or several of the objects above enumerated, and whenever is incident to such objects, may be created a body corporate and politic by complying with sections 352.010
and 352.060.
The comparison of the above two sections clearly illustrates that both chapters may, within their respective purviews, govern corporations which are of the same nature, e.g., charitable, benevolent, eleemosynary, educational, scientific or religious.
The answer to your first and second questions, therefore, seems to be contained within the language of Section 352.140 which reads as follows:
 Any corporation or corporations heretofore or hereafter organized under the laws of this state relating to the incorporation of benevolent, religious, scientific, fraternal-benevolent, educational and miscellaneous associations may be merged in any other such corporation or may be consolidated with any other such corporation or corporations to form a consolidated corporation under such laws, on compliance with the provisions of sections 352.140 to 352.170.
(Emphasis added.)
The plain language of that section fails to limit its availability to a corporation organized under any particular provision of law. Rather, the legislature has restricted its use to certain similar types of organizations. The general rule to be followed in such cases is that the merger proposed and the statute in question should be construed broadly, not narrowly or technically, having due regard to the object intended to be accomplished. 19 C.J.S. Corporations, § 1606. We conclude, therefore, that the merger of a Chapter 355 corporation into a Chapter 352 corporation is not barred by statute and may, in fact, be accomplished in the manner set forth in Section 352.140.
With respect to your third question, our research has disclosed no alternative method whereby the corporations in question may be merged.
Regarding the effect of a judicial decision declaring two corporations merged, we are of the opinion that a final judgment of a court with jurisdiction to consider the question of the lawfulness of the merger would be binding upon the secretary of state. Specifically, once the circuit court has issued its order under Section352.150.2 upon a finding that the "merger or consolidation is not inconsistent with the constitution or laws of the United States or of this state," the secretary of state is not then able to question the validity of the merger and must therefore file the court's order as directed in Section 352.150.4. We view the issuance of the certified copy of the merger agreement and order of the court as a ministerial function, once the required judicial determination has been made and the documents are facially valid. See in this regard our Opinion No. 457 issued to you on October 24, 1969, and Opinion No. 20, issued to your predecessor on July 13, 1960.
CONCLUSION
It is therefore the opinion of this office that a Chapter 355 corporation may be merged into a Chapter 352 corporation, in the manner provided in Section 352.150. Once a judicial determination of lawfulness of the merger between two such corporations has been made, the secretary of state must file the facially valid documents presented to him as required by law.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, Christopher M. Lambrecht.
Very truly yours,
 JOHN ASHCROFT Attorney General